Janice THORNER–GREEN, Plaintiff,

v.

**NEW YORK CITY DEPARTMENT OF CORRECTIONS, Defendant.**

No. 00–CV–489.

United States District Court, E.D. New York.

June 19, 2002.

Thomas F. Bello, Staten Island, NY, for plaintiff.

Stephen Kitzinger, Assistant Corporation Counsel, New York City, for defendant.

## ORDER

GERSHON, District Judge.

Plaintiff Janice Thorner–Green, a former Correction Officer ("CO") for the New York City Department of Correction ("DOC"), brings this action against DOC pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, New York State Executive Law § 296 ("State Human Rights Law"), and Administrative Code of the City of New York § 8–107(1)(a) ("City Human Rights Law"). She alleges that the DOC unlawfully discriminated against her on the ground of her disability, chronic asthma, first by failing to accommodate her asthma by assigning her to a smoke-free environment, and then by terminating her employment. The DOC now moves for summary judgment on all claims.

## FACTS

Unless otherwise indicated, the following facts are undisputed.

Thorner–Green began working as a CO at the DOC in September 1984. She was first diagnosed with asthma in or around 1985. Thorner–Green first requested accommodation of her asthma in October 1995, when she requested a one-year medical leave of absence. On November 8, 1995, the DOC granted her request and accorded her leave for the period between November 18, 1995 and November 17, 1996. During that leave of absence, plaintiff requested a one-year extension of her leave. The DOC granted this request on November 18, 1996. In early September of 1997, Thorner–Green applied for per-

mission to return to work on September 23, 1997. The DOC granted her request and she returned to work on that date.

On her return, Thorner–Green requested assignment to a smoke-free environment as an accommodation of her asthma, and, on September 30, 1997, plaintiff was assigned to the Telecommunications Division ("Telecom Division"). At her deposition in this case, Thorner–Green testified that the Telecom Division was a smoke-free environment. Thorner–Green Dep. 73. Plaintiff made no other requests to accommodate her asthma.

On September 24, 1998, the DOC terminated Thorner–Green's employment on the ground that her asthma rendered her unable to perform the essential duties of her job. Plaintiff does not contest that in the nine months before her termination, during which period Thorner–Green was at all times assigned to the Telecom Division, she worked 115 tours of duty, called in sick for 65 tours, and took 12 of her annual vacation days. Kitzinger Decl. Exhibit J.

## DISCUSSION

*Summary Judgment Standard*

Motions for summary judgment are granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See Lipton v. Nature Co.,* 71 F.3d 464, 469 (2d Cir.1995). The moving party must demonstrate the absence of any material factual issue genuinely in dispute. *See id.* The court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Howley v. Town of Stratford,* 217 F.3d 141, 150–51 (2d Cir.2000). However, the non-moving party may not "rely on mere speculation

or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The party must produce specific facts sufficient to establish that there is a genuine factual issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In a discrimination action such as this, it is important to note that

> [a] victim of discrimination is ... seldom able to prove his or her claim by direct evidence and is usually constrained to rely on the cumulative weight of circumstantial evidence.... Consequently ... where a defendant's intent and state of mind are placed at issue, summary judgment is ordinarily inappropriate.

*Rosen v. Thornburgh,* 928 F.2d 528, 533 (2d Cir.1991) (citations omitted). On the other hand, "[t]he summary judgment rule would be rendered sterile ... if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

*ADA and State Law Claims*

To establish a *prima facie* claim for failure to accommodate under the ADA, a plaintiff must show (1) that she has a disability within the meaning of the ADA; (2) that her employer is covered by the statute and had notice of her disability; (3) that with reasonable accommodation, she could perform the essential functions of her position; and (4) that the employer has refused to make such accommodations. *Lovejoy–Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 216 (2d Cir.2001). To establish a *prima facie* claim for discriminatory discharge under the ADA, a plaintiff must show that: (1) her employer is subject to the ADA; (2) she suffers from a

disability within the meaning of the ADA; (3) she could perform the essential functions of her job with or without reasonable accommodation; and (4) she was fired because of her disability. *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001).

For purposes of this motion, defendant does not contest plaintiff's allegations that the DOC is covered by the ADA, that plaintiff's asthma is a disability within the meaning of the ADA, that the DOC had notice of plaintiff's asthma problem, or that plaintiff was fired because of her disability. The only issues are whether the DOC in fact accorded Thorner–Green the reasonable accommodation she requested, and whether Thorner–Green could perform the essential functions of her job with or without reasonable accommodation.

█ There is no dispute that Thorner–Green requested three accommodations from the DOC and no more: the request for a 1995–96 leave of absence; the request for a 1996–97 leave of absence; and the request to be assigned to a smoke-free environment. Nor is it disputed that the DOC granted Thorner–Green both requested leaves of absence, as well as permitting her to return to her job when she asked to do so. In addition, the only evidence in the record regarding the Telecom Division, to which plaintiff was assigned when she resumed work, is plaintiff's own deposition testimony that the division was smoke-free:

Q Was [the Telecommunications Division] a smoke-free room?

A Yes, it was a smoke-free environment.

Q You had been in a smoke-free environment for—

A For a year. Telecommunications was smoke-free.

Thorner–Green Dep. 73.

█ Despite this unequivocal testimony, plaintiff now argues that the DOC failed to grant her requested accommodation of a smoke-free environment, on the ground that the Telecom Division was not "truly" smoke-free:

The only true smoke-free environment is in fact a building that is completely separated from the facility of the Department of Correction. It cannot be said that the Telecommunications Unit, which is within a smoke filled environment is totally smoke free. Ms. Green had to walk through and constantly be exposed to second hand smoke misstating and misrepresenting what a smoke free environment is.

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, 4–5. This argument is unavailing. First, plaintiff points to no actual evidence that contradicts her own testimony that the Telecom Division was, in fact, smoke-free. The suggestion that the Telecom Division was not "totally smoke free" because it was "within a smoke filled environment" is mere argument of counsel entitled to no evidentiary weight; such argument cannot, as a matter of law, serve to raise an issue of fact as to the presence or absence of cigarette smoke in the Telecom Division. *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir.1995) ("mere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist") (citations and internal quotation marks omitted). Furthermore, if Thorner–Green had wished to be transferred to a DOC building that was "completely separated" from the main DOC facility, it was her duty to request such a transfer, not the DOC's duty to anticipate her belatedly articulated desire. An employee cannot hold an employer liable for

failing to provide an accommodation that the employee has not requested in the first place, *Mazza v. Bratton*, 108 F.Supp.2d 167, 176 (E.D.N.Y.2000), *aff'd*, 9 Fed.Appx. 36 (2d Cir.2001), and the record is devoid of evidence that Thorner–Green requested a transfer to somewhere other than the Telecom Division. Because plaintiff has proffered no evidence that the DOC failed to grant any of her requests for accommodation, and indeed explicitly testified that "the accommodation [she] sought [she was] given," Thorner–Green Dep. 74, defendant is entitled to summary judgment on plaintiff's ADA failure to accommodate claim.

█ Turning to plaintiff's discriminatory discharge claim, Thorner–Green does not dispute that she was unable to perform the essential functions of her job without the accommodation of being assigned to a smoke-free environment. As for her performance with such an accommodation, there is no dispute that, even when assigned to the Telecom Division, Thorner–Green was chronically absent because of her asthma, missing work more than a third of the time in the nine months prior to her termination. Her absenteeism demonstrates that plaintiff could not perform the essential functions of her job, even with reasonable accommodation; "regularly attending work is an essential function of virtually every job," and the "ADA does not require an employer to accommodate an employee who cannot get to work." *Mazza*, 108 F.Supp.2d at 175 (citations omitted and internal quotation marks omitted). For the reasons just discussed, plaintiff's counsel's argument that the Telecom Division was not truly smoke-free cannot be used to undermine this conclusion.

█ Plaintiff's position is reduced to the argument that, although she was unable to perform the essential functions of her job even with reasonable accommodations, defendant nonetheless owes her compensation under the ADA because her chronic asthma is attributable to the DOC's failure to comply with federal, state, and city non-smoking regulations. Regardless of the accuracy of plaintiff's characterization of the DOC's regulatory compliance, her argument simply does not state an ADA claim. To the extent such an argument suffices to state any claim, that claim would presumably be under the non-smoking regulations she cites (if they even provide a private right of action), or perhaps under state tort law. The issue is not before me, however, as Thorner–Green has asserted no such claim in this action.

Because the only evidence in the record indicates that Thorner–Green could not perform the essential functions of her CO job with or without reasonable accommodation, defendant is entitled to summary judgment on plaintiff's ADA discriminatory discharge claim as well.

The DOC's motion for summary judgment is therefore granted on Thorner–Green's ADA claims.[1] Having dismissed plaintiff's federal claims, I decline to exercise supplemental jurisdiction over her state law claims. *See Giordano*, 274 F.3d at 754–55. Therefore, plaintiff's New York State and New York City Human Rights Law claims are dismissed without prejudice.

The Clerk of Court is directed to enter judgment for defendant on plaintiff's ADA claims.

**SO ORDERED.**

---

1. In light of this disposition, I need not reach the other grounds for dismissal advanced by defendant.