Loretta V. TEMPLE, Plaintiff,

v.

The BOARD OF EDUCATION
OF THE CITY OF NEW
YORK, Defendant.

No. 01CV4766(NG)(LB).

United States District Court,
E.D. New York.

June 22, 2004.

Loretta V. Temple, Brooklyn, NY, pro se.

Roosevelt T. Seymour, Brooklyn, NY, for Plaintiff.

Henrique J. Oliveira, Board of Education, Office of Legal Services, Brooklyn, NY, Rippi Gill, Office of Corporation Counsel, Shauna Esther Weinber, Corporation Counsel for the City of New York, Law Department, Shauna Weinberg, The City of New York Law Department, New York City, The Office of the District Attorney, Kings County, Brooklyn, NY, for Defendant.

## MEMORANDUM AND ORDER

GERSHON, District Judge.

Plaintiff Loretta V. Temple, employed by defendant Board of Education of the City of New York ("BOE") as a probationary Assistant Principal at P.S. 304 during the 1996–1997 school year, brings this suit alleging discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112–12117 ("ADA"), and the New York State Human Rights Law, N.Y. Exec. L. § 292(12) ("NYSHRL"). Defendant BOE now moves for summary judgment on the ADA claim on the grounds that plaintiff failed to establish a *prima facie* case of discrimination under the ADA because she cannot show that she was disabled within the meaning of the ADA and, alternatively, that defendant had a legitimate, nondiscriminatory reason for terminating plaintiff. Defendant BOE moves for summary judgment on the NYSHRL claim on the grounds that (1) plaintiff cannot demonstrate that she was discriminated against on the basis of disability or perceived disability under the NYSHRL; (2) the claim is barred because the court lacks subject matter jurisdiction; (3) the claim is barred by the doctrines of res judicata and collateral estoppel; (4)

plaintiff failed to comply with the notice of claim requirements of New York Education Law § 3813; and (5) plaintiff failed to commence suit within the applicable one year statute of limitation.

## Standard of Review

A motion for summary judgment is properly granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir.1995). The burden is on the moving party to demonstrate the absence of any material fact genuinely in dispute. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 175, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

In deciding a motion for summary judgment, the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *Matsushita Elec Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Howley v. Town of Stratford*, 217 F.3d 141, 150–51 (2d Cir.2000). However, the non-moving party must produce specific facts sufficient to establish that there is a genuine factual issue for trial. *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. 2548. A motion for summary judgment cannot, therefore, be defeated by "mere speculation or conjecture." *Giordano v. City of New York*, 274 F.3d 740, 749–50 (2d Cir.2001).

In employment discrimination actions, courts are particularly cautious about granting summary judgment where intent is at issue. This is because "a victim ... [is] seldom able to prove his or her claim by direct evidence and is usually constrained to rely on the cumulative weight

of circumstantial evidence." *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir. 1991). Consequently, where a defendant's intent and state of mind are placed at issue, summary judgment is ordinarily inappropriate. *Id.* On the other hand, "the summary judgment rule would be rendered sterile . . . if the mere incantation of intent and state of mind would operate as a talisman to defeat an otherwise valid motion." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985). Therefore, in the discrimination context, a plaintiff "must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." *Micari v. Trans World Airlines, Inc.*, 43 F.Supp.2d 275, 278 (E.D.N.Y.1999); *Schwapp v. Town of Avon*, 118 F.3d 106, 109 (2d Cir.1997).

■ In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court established the burden-shifting framework for employment discrimination cases under Title VII. The same framework may be used to analyze claims under the ADA. *See Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48–49 (2d Cir.2002) (applying *McDonnell Douglas* in the ADA context). Under this analysis, the plaintiff must satisfy the initial burden of establishing a *prima facie* case of discrimination under the ADA by showing that: (1) her employer is subject to the ADA; (2) she suffers from a disability within the meaning of the ADA; (3) she could perform the essential functions of her job with or without reasonable accommodations; and (4) she suffered an adverse employment decision. *See Reeves v. Johnson Controls World Services, Inc.*, 140 F.3d 144 (2d Cir.1998). The plaintiff's ADA claims may be dismissed for failure to satisfy any of these elements.

*Discussion*

In order to prevail on either of her claims, plaintiff must, as a threshold matter, show that the her medical condition qualifies as a disability under the ADA. *Id.* The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). In determining whether a given "disability" conforms with the definition set forth by the ADA, courts must engage in a tripartite analysis. First, in cases claiming perceived disability, a court must determine whether a plaintiff was viewed or was recorded as having an impairment. Second, it must determine whether that impairment, as perceived or recorded, affects a "major life activity" as the ADA defines that term. Finally, the court must consider whether plaintiff's perceived or recorded disability is one that, if it existed, would substantially limit the identified major life activity. *Colwell v. Suffolk Cty. Police Dept.*, 158 F.3d 635, 641 (2d Cir. 1998). This third requirement ensures that only significant impairments (and perceptions and records thereof) are covered by the ADA. *Id.* at 642.

Plaintiff asserts she has an ADA disability because her medical condition, Systematic Lupus Erythematosus ("lupus"), causes physical impairments that substantially limit the major life activities of working, walking and breathing and, alternatively, because the BOE regarded (or perceived) her as having such an impairment. Construing the evidence liberally to effectuate the remedial purposes of the ADA, plaintiff has failed to satisfy her minimal burden of proving a *prima facie* case of disability discrimination because she cannot demonstrate that she has a disability within the meaning of the ADA.

First, plaintiff cannot demonstrate that she has a physical or mental impairment that substantially limits one or more of her major life activities. Although the ADA does not define terms such as "major life activities" or "substantial limitation," the regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") under the ADA provide some guidance in interpreting these terms. *See Sutton v. United Air Lines,* 527 U.S. 471, 479–80, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). The EEOC defines "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); *see id.* at 492, 119 S.Ct. 2139 (analyzing "working" as a major life activity without determining the validity of the EEOC definition of "major life activities"). The EEOC defines "substantially limited" as (1) unable to perform a major life activity that the average person in the general population can perform or (2) significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the average person in his/her performance of that same life activity. *See* C.F.R. § 1630.2(j).

■ Plaintiff has not shown that she is substantially limited in the major life activity of working as she has not been "significantly restricted in the ability to perform either a class of jobs, or a broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(i). Indeed, plaintiff admitted at her deposition that her alleged disability, lupus, which was diagnosed in 1989, did not affect her daily functions or activities. Specifically, she stated that lupus did not affect her ability to perform her duties as a teacher nor as an Assistant Principal. Plaintiff is also not limited in other major life activities such as caring for herself or performing manual tasks as she admitted in her deposition testimony that she can care for herself, do household and personal chores, bathe, brush her teeth, wash her face, do laundry, cook, drive using glasses, and garden.

Nevertheless, in her affidavit in opposition to summary judgment, plaintiff asserts that her ability to walk and breathe has been restricted by lupus due to fatigue and shortness of breath. She claims that, as a result of her condition, she cannot walk more than two blocks without becoming seriously exhausted. She further asserts that she is no longer able to participate in activities such as running, skating or dancing because of constant fatigue and shortness of breath. Plaintiff, however, cannot defeat a summary judgment motion by submitting an affidavit that contradicts her prior deposition testimony. *See Thomas v. Roach,* 165 F.3d 137, 144 (2d Cir.1999) (citing *Mack v. United States,* 814 F.2d 120, 124 (2d Cir.1987)). Plaintiff claimed that she got "winded easily" at her deposition but specifically stated that her medical condition does not have an effect on her daily functions or activities. It is improper for plaintiff to now assert in her affidavit that she is limited in her ability to walk and breathe in an effort to show that she is disabled within the meaning of the ADA as that evidence contradicts her own deposition testimony. Indeed, as the Second Circuit explicitly noted, "factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts her own prior deposition testimony." *Brown v. Henderson,* 257 F.3d 246, 252 (2d Cir.2001). Thus, accepting plaintiff's deposition testimony as true, plaintiff does not have a physical impairment that substantially limits a major life activity.

■ Second, plaintiff cannot show that the BOE perceived her as disabled within the meaning of the ADA. As defendant correctly notes, it is not enough for a plaintiff to show that the employer perceived her to be physically or psychologically impaired. Rather, plaintiff must show that the employer regarded her as disabled within the meaning of the ADA— that is, the BOE knew of her medical condition *and* perceived this condition as one that substantially limits one or more of her major life activities. *See Reeves*, 140 F.3d at 153. That plaintiff was terminated from her probationary Assistant Principal position does not, by itself, show that the defendant perceived her as disabled within the meaning of the ADA since "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i); *see Sutton*, 527 U.S. at 491–92, 119 S.Ct. 2139.

The undisputed facts demonstrate that defendant did not perceive plaintiff's condition as one that substantially limits plaintiff in the major life activity of working or any other major life activity. Defendant assigned plaintiff a substantial range of responsibilities and duties as Assistant Principal during the time the plaintiff alleges that Principal Brenda Williams–Young and Superintendent Barbara Byrd–Bennett were aware of her lupus condition. Plaintiff was informed repeatedly that she would be expected to participate in professional development opportunities, and to oversee several grades, numerous teachers, and special school programs. Plaintiff was also given the responsibility of creating work assignments, agendas, strategies, and testing schedules, in addition to conducting staff development, teacher observation reports, and overseeing city art competition and essay contests. These undisputed facts show that defendant, even if aware of plaintiff's illness, did not view her as disabled within the meaning of the ADA, that is, as possessing a medical condition that substantially limited her ability to work.

Furthermore, plaintiff, upon her termination from Assistant Principal at P.S. 304, has continued to work as a teacher for the Board of Education and has continued to perform administrative tasks as she did in her role as Assistant Principal. Specifically, she began working full time in September 1997 as an English as a Second Language ("ESL") teacher at P.S. 26 in District 16. In September 1998, she transferred to P.S. 224 in District 19 and continued as an ESL teacher. In September 1999, plaintiff transferred to P.S. 346 in District 19 as a first grade common branch teacher. Two years later, in September 2001, she transferred to I.S. 383 in District 32 as an ESL teacher. In November 2001, plaintiff was transferred to P.S. 123 in District 32 as an ESL teacher. In September 2002, plaintiff transferred to I.S. 296 in District 32 as an ESL teacher. In sum, plaintiff has continuously worked as a teacher following her termination as Assistant Principal. Because plaintiff is currently working as a teacher and has been employed by the defendant since 1997, plaintiff has failed to show that the BOE perceived her as being substantially limited in performing a broad range of jobs in various classes.

■ Because plaintiff has not established that she is disabled or that the BOE perceived her as disabled within the meaning of the ADA, it is not necessary to address the other elements of plaintiff's *prima facie* case. Defendant's motion for summary judgment on plaintiff's federal disability discrimination claim is granted. Having dismissed plaintiff's federal disability claims, this court declines to exercise supplemental jurisdiction over her related

state law claims. *Giordano,* 274 F.3d at 754–55 ("the appropriate analytic framework to be applied in discrimination claims based on a 'disability' as defined by New York state and municipal law is a question best left to the courts of the State of New York."); *Thorner–Green v. New York City Dept. of Corrections,* 207 F.Supp.2d 11, 15 (E.D.N.Y.2002). Plaintiff's NYSHRL claims will therefore be dismissed without prejudice.

### *Conclusion*

Defendant's motion for summary judgment is granted as to plaintiff's federal disability discrimination claim brought pursuant to the Americans with Disabilities Act of 1990, 42. U.S.C. § 12112–12117. The Clerk of Court is directed to enter judgment for defendant on that claim. Since this court declines to exercise supplemental jurisdiction over plaintiff's NYSHRL claim brought pursuant to N.Y. Exec. L. § 292(12), that claim is dismissed without prejudice.

**SO ORDERED.**